**SAYRE & LEVITT, LLP**
Federico C. Sayre, Esq. (SBN 067420)
sayreesq@sayrelevitt.com
Mahadhi Corzano, Esq. (SBN 254905)
*mcorzano@sayrelevitt.com*
333 Civic Center Drive West
Santa Ana, California 92701
Telephone: (714) 550-9117
Facsimile:  (714) 716-8445

Attorneys for Plaintiff TRAVIS MOCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS MOCK,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT; OFFICER TIM SCHMIDT; and  DOES 1-50, inclusive,<br><br>     Defendants. | Case No: SA CV 12-829-BRO (Ex)<br><br>Assigned to: Hon. Beverly Reid O'Connell<br>Dept:    14<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

COME NOW Plaintiff, TRAVIS MOCK, pursuant to Local Rule 16-4, submit the following Memorandum of Contentions of Fact and Law:

I.  **SUMMARY OF CLAIMS AND DEFENSES:**

  A.  **Plaintiff's Claims**:

    This case arises out of a police shooting incident that occurred on February 17, 2011.  Plaintiff alleges that Defendant, TIM SCHMIDT, used excessive force when he shot Plaintiff on the back, while Plaintiff was unarmed.

1

On the morning of February 17, 2011, Plaintiff was dropped off to a residential area in Anaheim Hills. At approximately 5:20 a.m., Plaintiff began taking mail out of mailboxes on South Beckett Court. When Plaintiff reached the end of South Beckett Court, he turned left onto East Marblehead way and then turned left again onto Rexford Lane. Plaintiff walked up on Rexford Lane on the left-hand side of the sidewalk. Plaintiff took mail from 1086 S. Rexford Lane and continued walking towards the end of the cul-de-sac.

Once Plaintiff reached the end of the cul-de-sac, he checked the mailbox but found no mail. At that moment, Plaintiff heard a voice yelling "hey". As soon as he heard someone yell "hey", Plaintiff immediately ran in the middle of the street, exiting the cul-de-sac. While running away, Plaintiff was shot in the back by Defendant. No verbal warning was given by Defendant prior to shooting and at no time did Plaintiff turned towards Defendant's direction.

Defendant's conducts constitute violations of Fourth and Fourteenth Amended for use of excessive force and violation of due process. Also, Defendant's conducts constitute violations for Battery and Negligence.

**B.    Elements Required to Establish Plaintiff's Claims:**

    1.    Section 1983 Violation of Civil Rights – Excessive Force and Due Process.

        a.    Schmidt acted under color of law; and

        b.    The act[s] of Schmidt deprived Mock of his particular rights under the United States Constitution.

    2.    Battery

        a.    Schmidt touched Mock with the intent to harm or offend him;

        b.    Mock did not consent to the touching; and

        c.    Mock was harmed by Tim Schmidt's conduct.

    3.    Negligence

a.   Schmidt was negligent;

b.   Mock was harmed; and

c.   Schmidt's negligence was a substantial factor in causing Mock's harm.

**C.   Brief Description Of Evidence To Support Each Claim:**

1.   Section 1983 Violation of Civil Rights – Excessive Force and Due Process.

a.   Schmidt was acting under the color of law:  The Parties have stipulated that Schmidt was acting under the color of law.

b.   The act[s] of Schmidt deprived Mock of his particular rights under the United States Constitution:  Mock will rely on his testimony, the testimony of Schmidt, and the testimony of Roger Clark that Schmidt's acts deprived Mock of his particular rights under the United States Constitution. Moreover, two (2) witnesses will testify to hearing that the reason why Schmidt shot Mock was because he was burglarizing.  Finally documentation gathered during discovery will be introduced to show that Schmidt violated police policies and procedures.

2.   Battery

a.   Schmidt touched Mock with the intent to harm or offend him:  Plaintiff will rely on his own testimony and Schmidt's testimony that Schmidt intented to cause him harm.

b.   Mock did not consent to the touching:  Plaintiff will rely on his own testimony and Schmidt's testimony that Mock did nto consent to the touching.

c.   Mock was harmed by Tim Schmidt's conduct:  Plaintiff will rely on his own testimony, the testimony of Schmidt's and Mock's medical records.

3.   Negligence

a.      Schmidt was negligent:  Mock will rely on his testimony, the testimony of Schmidt, and the testimony of Roger Clark that Schmidt's acts were negligent.  Moreover, two (2) witnesses will testify to hearing that the reason why Schmidt shot Mock was because he was burglarizing.  Finally documentation gathered during discovery will be introduced to show that Schmidt was negligent.

b.      Mock was harmed:  Plaintiff will rely on his own testimony, the testimony of Schmidt's and Mock's medical records.

c.      Schmidt's negligence was a substantial factor in causing Mock's harm: Plaintiff will rely on his own testimony, the testimony of Schmidt's and Mock's medical records.

**D.      Summary Of Defendant's Affirmative Defenses:**

1.      Comparative Fault

2.      Self Defense

3.      Failure to Mitigate Damages

**E.      Elements To Establish Defendant's Affirmative Defenses:**

1.      Comparative Fault.

a.      That Travis Mock was negligent; and

b.      That Travis Mock's negligence was a substantial factor in causing his harm.

2.      Self-Defense

a.      That Tim Schmidt reasonably believed that Travis Mock was going to harm him; and

b.      That Tim Schmidt used only the amount of force that was reasonably necessary to protect himself.

3.      Failure to Mitigate Damages.

a.      That damages caused by a harm attributed to a defendant, if any, could have been avoided with reasonable efforts or expenditures by Travis Mock.

**F.  Brief Description Of Evidence Opposing Defendant's Affirmative Defenses:**

1.  Plaintiff's testimony that he was running away from Defendant immediately prior to being shot.

2.  Plaintiff's testimony regarding the circumstances of events leading up to him being shot.  Testimony of Roger Clark regarding Defendant did not act reasonably in using excessive force.

3.  Plaintiff's testimony regarding his injuries and treatment. Testimony of Dr. Isaac Schmidt regarding Plaintiff's injuries, treatment and future medical treatment.

**G.  Similar Statements For All Third Parties:**

1.  None at this time.

**H.  Identification Of Any Anticipated Evidentiary Issue:**

1.  None at this time.

**I.  Identification Of Any Issues of Law:**

1.  None at this time.

**II.  BIFURCATION OF ISSUES**

None.

**III.  JURY TRIAL**

All parties have demanded a jury trial in a timely manner.

**IV.  ATTORNEY'S FEES**

Plaintiff agrees to a reservation of the Court's jurisdiction for the purpose of determining after trial the amount of attorney's fees, if any, to be granted to the prevailing party, provided Plaintiff prevails.

///

///

///

///

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**V.    ABANDONMENT OF ISSUES:**

     None.


DATED: September 3, 2013                     SAYRE & LEVITT, LLP


                                   By: /s/ Mahadhi Corzano
                                       Federico Castelan Sayre
                                       Mahadhi Corzano
                                       Attorneys for Plaintiff
                                       TRAVIS MOCK